**326**

Nimaca Shoe Factory, Inc., Ignacio Rosales Cueli, Francisco Soto Gras y Rufino Ruiz y Ruiz, demandantes y apelados, *v.* Nicolás Manrique Cartagena y Mauro Fernández, demandados y apelantes.

No. 4806.—*Sometido:* Marzo 11, 1929.—*Resuelto:* Marzo 13, 1929.

*Hugh R. Francis,* abogado de los apelantes; *F. Soto Gras,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Se nos pide que desestimemos esta apelación interpuesta por los demandados por ser frívola.

La corporación Nimaca Shoe Factory, Inc., y tres de sus directores demandaron a Nicolás Manrique Cartagena y a Mauro Fernández para que les hicieran entrega de los bienes de dicha corporación cuya posesión material tenían los demandados, uno como superintendente del departamento de fabricación de calzado y el otro como administrador de los bienes de la misma, alegando para ello que una junta de directores en la que estuvieron presentes todos sus miembros, entre ellos el demandado Cartagena, resolvió que los demandados cesaran en sus cargos, requiriéndoles para que hicieran entrega a los tres directores demandantes o a la corporación de la propiedad de ésta, de modo que quedase

bajo la custodia de dichos tres directores, ordenándose además que el nuevo administrador que fué nombrado tomase posesión de los bienes de la corporación, pero que los demandados se han negado a entregar dichos bienes. La demanda fué jurada por los tres directores demandantes.

Los demandados comparecieron en el pleito haciendo varias peticiones que les fueron negadas y solicitando algunas prórrogas para contestar pero no lo hicieron y anotada su rebeldía la corte, a instancia de los demandantes, dictó sentencia contra los demandados fundada en el artículo 194, inciso segundo del Código de Enjuiciamiento Civil y en que la demanda está jurada.

Los apelantes radicaron la transcripción de los autos para la apelación el 1º. de diciembre último y después de obtener varias prórrogas para radicar su alegato lo presentaron el 19 de febrero y pocos días después se ha solicitado la desestimación que resolvemos.

■■ El único motivo alegado por los apelantes en apoyo de su recurso es el haber sido dictada la sentencia sin que la corte oyera prueba de la parte demandante para sostener las alegaciones de su demanda, limitándose el argumento de los apelantes, en apoyo de ese alegado error a decir en muy pocas líneas que si en un caso como éste quedan los demandantes relevados de presentar prueba debe saberse por la decisión de este tribunal, pues la práctica ha sido siempre que se presente prueba y que el solo hecho de estar jurada la demanda en nada afecta a la cuestión porque la ley no distingue entre demandas juradas y no juradas en casos de esta índole. Esto es todo el alegato de los apelantes.

Para casos como el presente, dispone el Código de Enjuiciamiento Civil en su artículo 194, No. 2, que si no se presentare la contestación dentro del término de la citación o de su prórroga deberá el secretario tomar razón de la rebeldía del demandado; después de lo cual podrá el demandante solicitar en la primera o en cualquiera de las subsi-

guientes sesiones de la corte, que se le conceda lo pedido en la demanda: y que si la rendición de una cuenta o la prueba de algún hecho fuere necesario para fundamentar el fallo de la corte, o dar cumplimiento al mismo, la corte podrá admitir la prueba, o a su discreción disponer el informe previo de peritos, y que si para determinar la cuantía de perjuicios fuese necesario el examen de una cuenta extensa, podrá disponer también un dictamen pericial, según lo anteriormente dispuesto. Por consiguiente, estando jurados los hechos de la demanda por los tres demandantes directores de la corporación y tratándose en este caso de que los demandados hagan entrega de los bienes que les fueron confiados para su administración a fin de ser cumplido un acuerdo de la junta de directores de dicha corporación, pudo la corte dictar la sentencia apelada sin que se presentase prueba, por lo que es frívolo el único motivo alegado para sostener esta apelación, *la que debe ser desestimada.*